UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY N. COSS,<br><br>    Petitioner,<br><br>    v.<br><br>PLACER COUNTY SUPERIOR COURTS,<br><br>    Respondent. | No. 2:15-cv-1032-TLN-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a former county inmate without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the petition for lack of jurisdiction because petitioner is not in custody on the judgment his petition challenges. ECF No. 11. For the reasons that follow, respondent's motion must be granted and this action must be dismissed for lack of jurisdiction.[1]

This court may entertain a challenge to custody imposed pursuant to the judgment of a state court only on the ground that such custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. For a federal court to have jurisdiction, petitioner must at the time he files his petition be in custody pursuant to the judgment of the state court. *Maleng v. Cook,* 490 U.S. 488, 490-91 (1989); *see also Carafas v. LaValle*, 391 U.S. 234, 238 (1968).

---

[1] For this reason, the court need not address respondent's alternate ground for dismissal based on the statute of limitations.

In this case, petitioner challenges a September 7, 2005 judgment of conviction that resulted in a sentence of 285 days in county jail and three years informal probation. *See* Petition, ECF No. 1 at 2 (referencing Placer County Superior Court Case No. 6243571); Resp't's Lodged Doc. 1 (Opinion filed in Placer County Superior Court case number 62-043571); Resp't's Lodged Doc. 2 at 2 (Petition for writ of habeas corpus filed in California Court of Appeal). Petitioner filed the instant action nearly ten years later, on April 29, 2015. ECF No. 1. Under the terms of petitioner's sentence, his custody would have ended long before he filed his federal petition. Thus, petitioner cannot challenge the 2005 judgment and sentence because he is no longer in custody as a result of that judgment. *See Woodall v. Beauchamp*, 450 F. App'x 655, 657 (9th Cir. 2011) (habeas petitioner must be in custody as a result of the challenged conviction, not on unrelated charges). Because petitioner was not in custody pursuant to the judgment of conviction when he filed his petition, this action must be dismissed for lack of subject matter jurisdiction.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 11) be granted and that this action be dismissed for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: January 6, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2